# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MICHAEL JOHNSON                                                                   PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:14-CV-47-S

HUMAN RELATIONS COMMISSION et al.                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Michael Johnson, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed for lack of subject-matter jurisdiction.

## I. SUMMARY OF CLAIMS

Plaintiff filed his complaint on a court-supplied general complaint form. He states the grounds for filing his complaint as "slander and deformation of character" He sues the Human Relations Commission, Carolyn Miller Cooper, and Martha Lawfer. He states that all three Defendants live in Louisville, Kentucky. Plaintiff also lives in Louisville, Kentucky.

## II. ANALYSIS

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Jurisdiction in this Court may be premised on a federal question. *See* 28 U.S.C. § 1331

("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). However, Plaintiff has made no allegations of violations of the United States Constitution or federal law. Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Here, the only allegations made involve claims of slander and defamation, both of which are state-law claims. Consequently, jurisdiction in this case cannot be premised on federal-question jurisdiction.

Furthermore, jurisdiction for Plaintiff's complaint, which contains only state-law claims, cannot be premised on the diversity statute, 28 U.S.C. § 1332(a), as there is no diversity of citizenship between the parties. Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . . " 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Plaintiff, however, neither claims that the action exceeds $75,000

nor demonstrates that he and Defendants are citizens of different states.  Plaintiff's address and Defendants' addresses are all in Kentucky.  Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

### III. CONCLUSION

Since Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.  *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Court will enter an Order consistent with this Memorandum Opinion.

Date: April 15, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
4411.009